By the Court.—Sedgwick, J.
In Waterbury v. Westervelt (9 N. Y. 604), Judge Dentó was of opinion, that in an action like the present, the sheriff and his deputy were jointly liable, although there had been no personal interference by the former. No doubt was made as to the liability of the deputy, although Judge Parker thought the evidence abundantly proved the personal interference of the sheriff. Judge Deeio sustained the recovery on the allegations of the complaint, that the defendants made knowingly an excessive levy, and that a portion of the goods re *289 mained in their hands unsold, which they converted to their own use, except a small part which they returned to the plaintiff in a damaged state. Upon the reasoning of Judge Denio, and the cases cited by him, I am of opinion that the deputy in this case was liable, if at all, with the sheriff, and that the judgment must be alike against the two.
I am of the opinion that the plaintiff wholly failed to show that any part of the stock taken by the sheriff was not returned, excepting there was proof, upon which to go to the jury, that the piece of velvet and bundle of trimmings had been taken, and not returned. The burden of proof was then placed upon the defendant, in case the jury should find that these articles had been taken and not returned, to account for the loss by showing that it had happened against the use by the defendants of the care of an owner (exercising ordinary precaution) of such goods, under like circumstances. The duty of the defendants was at least that of a bailee for hire (Moore v. Westervelt, 27 N. Y. 239). The burden of proof should in principle be the same as in action against warehousemen, for loss of goods deposited with them (Coleman v. Livingston, 36 Superior Ct. Rep. 32 ; afterwards affirmed in the court of appeals).
Undoubtedly, as in the case last cited, if the defendants show that the loss happened, after the use of due care to prevent it by uncontradicted and indisputable evidence, the court should direct a verdict for the defendants. In the case last cited, the court held that a verdict should have been' so directed. The peculiarity of that case, was that the evidence showed the manner of the loss beyond doubt; viz., by burglary. In the present case, the defendant’s evidence did not account for the manner of loss, but on the other hand, there was some appearance of denial by defendants that the articles had been taken by him. In a case *290 where the proof does not show the manner of loss, proof of care on defendant’s part to justify a direction in his favor, must at least show exhaustively, that the care was used against the risk of loss of every kind, from the beginning to the end qf the custody. A relaxation, but for a few minutes, of strictness enjoined bylaw, where the loss might have happened, will be sufficient to leave the defendants responsible, in spite of ample proof of care at times, and in contingencies when ,the proof does not show the loss to have happened. In the present case, I do not think the exhaustive proof was given. The evidence was of a general kind, that care was used in keeping the goods from loss. The testimony in some instances was specific, but for the most part it referred to the conduct of the keepers, through spaces of time of greater or less duration. The keeper, the cartmen, and their assistants, gave testimony as to their own vigilance. The inferences to be drawn, were essentially unlike those to be drawn from testimony as to the construction and fastenings of buildings. In the present case, it was not matter of law that the witnesses did what they said they did, and without their general impeachment, the jury was bound to examine the weight of their evidence. An omission of duty might be from forgetfulness. The very same forgetfulness might be the cause of a witness not recalling the omission, or the facts that would show the omission. The jury was not bound by any testimony that, in its substance, was a matter of opinion. Yet necessarily, in the testimony of the witnesses, their opinion was mixed in their description of the facts. Beyond this the credibility of the witnesses was involved. To justify taking the construction of testimony from the jury, there must be absent the circumstances to which a jury look in determining if a witness is unbiassed. There was here a peculiar relation between the defendants, and some *291 of the important witnesses which the jury would have been bound to look at. I do not consider the case as if the duty of the sheriff or the deputy was performed, in the exercise of ordinary diligence in selecting competent servants. This subject was not considered upon the trial, and, in fact, no proof was given as to the exercise of this kind of diligence. If such were the claim of defendants, I think the court could not have passed upon it as a question of law.
In looking at the proof as to the kind of care exercised against the risk of damage, I am of opinion that there was such a conflict as to the manner in which the goods were removed, the weather during the time of removal, and the manner in which they were stored at the auctioneer’s, that the case should have been submitted to the jury on this point. It does not appear that the damage done by the fire, could necessarily have accounted for the condition of the stock after it was returned. The plaintiff’s witnesses gave evidence that the loss from the fire was small. The plaintiff was at liberty to ask the jury to rely on this, even against his own sworn proof of loss under the policies of insurance, that the damage was large. There was a great deal of testimony to show that after the return, the stock was found damaged to twenty or thirty per cent, of its value. The plaintiff, and his witnesses, had sworn that the stock was a saleable one before the fire. They also swore, that in whatever they did to it, before it was found so damaged, they did nothing which injured it, or would account for its being injured. In kind, this proof was valid in favor of the plaintiff, as was the defendants’ evidence on the same points in the defendants’ favor. The aid of the jury should have been asked to settle this difference as to the facts. If the jury found that the goods were damaged when in the defendants’ custody, to a serious extent, that was an important fact in determining *292 whether the defendants had used the care that was sworn to, on defendants’ part.
On the whole case, I think it would be best to have the jury pass upon the facts.
The judgment is, therefore, reversed, and a new trial granted, with costs to appellant, to abide events.
Speir, J., concurred.